UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

KENNETH COLEMAN,

Plaintiff,

v.                                              No. 1:25-CV-412-JTM-APR

ZACH SHIFFLETT, et al.,

Defendants.

**OPINION and ORDER**

Kenneth Coleman, a prisoner without a lawyer, filed an amended complaint. (DE # 5.) "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Coleman alleges that he was housed at the DeKalb County Jail and did not have access to the kiosk that inmates use to purchase commissary goods, file grievances, write messages to family and friends, and keep track of trust fund accounts. He asked Corporal Devin Burton, Officer Steve Smolick, Officer Brandon, and Lt. Zack Shifflet to reset his kiosk login, but they responded by saying they had already done so. Coleman believes this violates his constitutional rights.

As a pre-trial detainee, Coleman's rights arise under the Fourteenth Amendment. *Miranda v. Cnty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018) (citing *Kingsley v. Hendrickson*, 576 U.S. 389 (2015)). "[T]he Fourteenth Amendment's Due Process Clause prohibits holding pretrial detainees in conditions that 'amount to punishment.'" *Mulvania v. Sheriff of Rock Island Cnty.*, 850 F.3d 849, 856 (7th Cir. 2017) (citation omitted). Coleman, however, does not have a constitutional right to access a kiosk, commissary goods, or electronic access to his inmate trust account transaction history. "Not every wrong committed under color of law . . . is offered redress by the Constitution[.]" *Leslie v. Doyle,* 125 F.3d 1132, 1138 (7th Cir. 1998). "There is, of course a de minimis level of imposition with which the Constitution is not concerned." *Ingraham v. Wright*, 430 U.S. 651, 674 (1977). These alleged wrongs are not of constitutional magnitude.

He likewise does not have a constitutional right to access the grievance process, with or without a kiosk. *See Grieveson v. Anderson*, 538 F.3d 763, 770 (7th Cir. 2008) (noting that there is not a Fourteenth Amendment substantive due process right to an inmate grievance procedure).

As a detainee, Coleman retained a limited right to intimate association. *See Turner v. Safley*, 482 U.S. 78, 95–96 (1987); *Easterling v. Thurmer*, 880 F.3d 319, 323 (7th Cir. 2018) (per curiam). Coleman, however, does not allege that he was prohibited from communicating with family or friends; he alleges only that he was unable to do so by utilizing the jail's kiosk. He does not indicate that he was unable to place phone calls,

mail letters, or have visits with friends or family. Therefore, these allegations likewise do not state a claim.

Finally, Coleman alleges that he has been written up for harassment by Corp. Burton and Sgt. Miller, and he was found guilty of those charges. Allegations of false disciplinary reports do not state a claim where due process is afforded, and Coleman does not allege any due process deficiencies occurred following the charges. *Hanrahan v. Lane,* 747 F.2d 1137, 1140 (7th Cir. 1984). Therefore, he may not proceed on any claim stemming from his harassment charge.

The amended complaint does not state a claim for which relief can be granted. If Coleman believes he can state a claim based on (and consistent with) the events described in this complaint, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) GRANTS Kenneth Coleman until **June 28, 2026**, to file an amended complaint; and

3

(2) CAUTIONS Kenneth Coleman that, if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

**SO ORDERED.**

Date: May 28, 2026

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT