UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| KENNETH COLEMAN,<br><br>Plaintiff,<br><br>v.<br><br>ZACH SHIFFLETT, et al.,<br><br>Defendants. | CAUSE NO. 1:25-CV-412-JTM-APR |

OPINION AND ORDER

Kenneth Coleman, a prisoner without a lawyer, filed a second amended complaint. (DE # 20.) "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Coleman's second amended complaint alleges essentially the same facts as his earlier complaint. He was housed at the DeKalb County Jail and did not have access to the kiosk that inmates use to purchase commissary goods, file grievances or requests, write messages to family and friends, and keep track of trust fund accounts. He asked Corporal Devin Burton, Officer Steve Smolick, Officer Brandon, and Lt. Zack Shifflet to reset his kiosk login, but they responded by saying they had already done so. Coleman believes this violates his constitutional rights.

As a pre-trial detainee, Coleman's rights arise under the Fourteenth Amendment. *Miranda v. Cnty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018) (citing *Kingsley v.*

*Hendrickson*, 576 U.S. 389 (2015)). "[T]he Fourteenth Amendment's Due Process Clause prohibits holding pretrial detainees in conditions that 'amount to punishment.'" *Mulvania v. Sheriff of Rock Island Cnty.*, 850 F.3d 849, 856 (7th Cir. 2017) (citation omitted).

As explained in this court's earlier screening order (DE # 18), Coleman does not have a constitutional right to access a kiosk, commissary goods, or electronic access to his inmate trust account transaction history. "Not every wrong committed under color of law … is offered redress by the Constitution[.]" *Leslie v. Doyle,* 125 F.3d 1132, 1138 (7th Cir. 1998). "There is, of course a de minimis level of imposition with which the Constitution is not concerned." *Ingraham v. Wright*, 430 U.S. 651, 674 (1977). These alleged wrongs are not of constitutional magnitude.

The court's earlier screening order (DE # 18) also explained that Coleman does not have a constitutional right to access the grievance process, with or without a kiosk. *See Grieveson v. Anderson*, 538 F.3d 763, 770 (7th Cir. 2008) (noting that there is not a Fourteenth Amendment substantive due process right to an inmate grievance procedure).

As a detainee, Coleman retained a limited right to intimate association. *See Turner v. Safley*, 482 U.S. 78, 95–96 (1987); *Easterling v. Thurmer*, 880 F.3d 319, 323 (7th Cir. 2018) (per curiam). The court's earlier order (DE # 18) noted that Coleman had not alleged that he was prohibited from communicating with family or friends; he alleged only that he was unable to do so by utilizing the jail's kiosk. In the second amended complaint, Coleman indicates that he can communicate with family and friends by mail. Because he was not prohibited from communicating with friends and family by means other than using the jail's kiosk, these allegations likewise do not state a claim.

Finally, Coleman alleges that he was written up on a false disciplinary charge, but that allegation does not concern Lt. Shifflet, the only defendant named in the second amended complaint. "[P]ublic employees are responsible for their own misdeeds but not for anyone

else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). Therefore, he may not proceed on any claim stemming from an allegedly false disciplinary charge.

The amended complaint does not state a claim for which relief can be granted. "The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). This is Coleman's third complaint; he has already amended twice. This court's previous screening order (DE # 18) pointed out specific deficiencies with Coleman's claims, and the allegations in the amended complaint suffer from the same deficiencies. "District courts, however, have broad discretion to deny leave to amend a complaint where the amendment would be futile." *Russell v. Zimmer, Inc.*, 82 F.4th 564, 572 (7th Cir. 2023). For the reasons previously explained, such is the case here.

For these reasons, the court **DISMISSES** this case pursuant to 28 U.S.C. § 1915A because the amended complaint does not state a claim.

**SO ORDERED.**

Date: October 13, 2026

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT